THE TONICA AND PETERSBURG RAILROAD COMPANY, Appellant, *v.* JOHN UNSICKER, Appellee.

### APPEAL FROM TAZEWELL.

Where the question of damages for a right of way is fairly submitted to a jury, no benefit being likely to result to the owner of the land, and the company not being absolutely bound to erect a fence, etc., the Supreme Court will not disturb the verdict.

THIS was a proceeding by the appellant, to obtain the right of way across the land of the appellee. At the instance of the railroad company, three commissioners had been appointed, who assessed the damages to Unsicker at one dollar. From this assessment he appealed to the Circuit Court.

There was a hearing in the Circuit Court before HARRIOTT, Judge, and a jury.

One *Stellanger* was sworn, and testified that he resides near Unsicker; that he knows his farm, through which the Tonica and Petersburg Railroad runs; that the farm contains about seventy-two acres, worth about forty dollars per acre; that the usual market for Unsicker and his neighbors is Peoria, about eleven miles distant; that Unsicker's farm, the one in question, is about two or three miles from Washington; that in view of the quantity of land taken by the railroad, in running their line of road through the farm of Unsicker, and the cost of making and maintaining the fences along the line of the road, and the cattle guards along the same, and their inconvenience to Unsicker by reason of the road running through his farm in the manner it does, he estimated the damages sustained by Unsicker at nine hundred dollars. Witness further stated that the following plat,

which was handed him, (which said plat is admitted to be correct by both parties to this suit,) represented, as nearly as he could recollect, the manner in which the Tonica and Petersburg Railroad runs through Unsicker's farm; and that he should think the quantity of land on said plat represented as taken up by the road, being $5 \frac{96}{100}$ acres, as about the correct quantity. Witness further stated that he did not include, in his estimate of damages, the inconvenience to Unsicker, in case the railroad company should refuse to let him erect cattle-guards along the line of road through his farm.

Witness stated that the farm of Unsicker lies about four miles north-east of Morton; that he don't think the construction of the Tonica and Petersburg Railroad would benefit Unsicker, or enhance the value of his land.

*Plan of Tonica and Petersburg Railroad over land of Unsicker—80 acres.*

NOTE.—The dotted line shows the centre of the railroad track, the line of which is slightly curved.

*Samuel Mowberry* testified, that he knows the farm of Unsicker, over which the railroad runs; had been on it recently; resided about six miles from it; thinks the plat shown first witness shows the manner in which the railroad crosses the farm of Unsicker correctly; that the farm of Unsicker is situated about eleven miles from Peoria, three from Washington, and seventeen miles from Pekin—Peoria being the usual market for the neighborhood. Witness further stated, that the farm of Unsicker was worth thirty-five to forty dollars per acre; that the damages to Unsicker, by reason of the railroad running through his farm in the manner it does, would be eight hundred and fifty dollars; this would be a low estimate. Included in this estimate of damages, witness stated, was the cost and expense of keeping up and building fences and cattle-guards along the line of railroad through Unsicker's farm, but did not include the damage to

Unsicker in case the railroad company should refuse to allow him to put up cattle-guards along the line of road through his farm, and thus he be compelled to use gates. Witness stated that he could not estimate the damages arising from such inconvenience; it would be additional damage, but he did not know how much.

*John Lowman* testified, that the railroad ran through the farm in the manner shown in the plat exhibited to the previous witnesses; that the land in question was worth thirty-five dollars per acre; that the damages to Unsicker, by reason of constructing the Tonica and Petersburg Railroad through his land, as shown in the plat, would be from seven to eight hundred dollars. Witness further stated that the construction of the Tonica and Petersburg Railroad through appellant's farm could not be of any benefit to him, nor enhance the value of his property, because his market was at Peoria, only eleven miles distant; that he was within two or three miles of a depot on the Peoria and Oquawka Railroad, at Washington, and did not need any greater railroad facilities.

Several other witnesses testified to the same facts substantially.

The jury found for the appellant, and assessed his damages at eight hundred dollars.

And thereupon appellant, by its counsel, moved the court to set aside the verdict of the jury, so rendered as aforesaid, and to grant a new trial; which motion was overruled by the court, and judgment rendered on said verdict. To which judgment the appellant excepted, and prayed this appeal.

A. L. DAVISON, for Appellant.

J. ROBERTS, and B. S. PRETTYMAN, for Appellee.

BREESE, J.  In this case, the question of damages was fairly submitted to the jury, and as no special benefit to result to the owner of the land was proved, but rather an injury by the construction of the road, and as the statute does not impose the duty absolutely upon railroad companies to erect fences, the jury had the right to allow as damages the expense of making and maintaining the fence, with crossings, etc.

As we estimate it, the land taken by the company was of the value of $215, the fencing would cost $400, and land wasted by the angles made by the course of the road through the lot, and the great inconvenience to which the owner is put, and dangers to which he, his family and stock are exposed in passing

from one part of his farm to the other, would amount to at least two or three hundred dollars more.

There being a railroad already in running condition but a short distance, some three miles and by a good wagon road to the depot, from the appellee's farm, a railroad through his farm cannot but prove a serious injury to him, especially as there is no depot or station proposed to be established on his land. The case does not seem to have been very fully investigated, or very elaborately tried. From all the evidence in the record, we are inclined to the opinion that the road is of serious injury to the appellee, and that eight hundred dollars is not as much as the jury might have found as compensation for damages and land taken. *Illinois and Wisconsin Railroad Co.* v. *Von Horn*, 18 Ill. R. 257; and cases there cited.

The judgment is therefore affirmed.

*Judgment affirmed.*