Peoria, Atlanta and Decatur Railroad Company

*v.*

John Sawyer.

1. Right of way—*assessment of damages, on condemnation of land.* Where a petition is filed to condemn land for the right of way, and there is no cross-petition to include other land with it, it is improper to permit evidence to be introduced in regard to land adjoining that described in the petition, and belonging to the same owner.

2.  The fact that, by the construction of a railroad through a man's farm, a part of it is cut off, and he has to travel a greater distance to get to the part so cut off, as well as the danger to which the owner and his family, and stock, are exposed, in crossing the track from one part of the farm to the other, are elements of damage, under the statute, for the consideration of the jury, in a proceeding to condemn land for the right of way.

3.  Same—*compensation, how ascertained.* It is not improper to instruct the jury, in a proceeding to condemn land for the right of way, under the act of 1872, to fix the compensation from the evidence, for, even if the jury should examine the land in person, the facts derived from such examination would be a part of the evidence from which to make a verdict, and such an instruction could not mislead them.

4.  Error will not always reverse—*admission of improper evidence.* The admission of improper evidence can not be regarded as a cause for a reversal, unless the party against whom it was admitted has been injured or prejudiced by it.

Appeal from the County Court of Tazewell county; the Hon. David Kyes, Judge, presiding.

Messrs. Ingersoll & Puterbaugh, for the appellant.

Messrs. Whitney & Foster, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a petition, filed in the county court of Tazewell county, by appellant, to condemn the lands of appellee for right of way.

The cause was heard before a jury, and a verdict returned in favor of appellee for $1105. A motion was made by appellant for a new trial, which the court overruled, and rendered judgment upon the verdict.

The land described in the petition was the west half of the north-east quarter of section 12, township 24 north, range 3 west. It appears, from the evidence, that appellee owned thirty acres which joins this tract on the south, and constituted a part of his farm.

Appellee, on the trial, introduced some evidence in regard to damages by him sustained to the thirty-acre tract, by the

location of appellant's road over and across the other tract. Appellant objected to the admission of this evidence, and the decision of the court in admitting it to go to the jury is now urged as a ground for the reversal of the judgment.

While it is true, the damages to the thirty-acre tract were not in issue on the trial in the county court, this tract not having been named in the petition, and appellee not having filed a cross-petition to include it with the other land, yet it does not appear that appellant was in the least injured by the evidence, for the reason that it was clearly proven by a number of witnesses, and contradicted by none, that the damage to the tract described in the petition was at least $1200, while the jury returned a verdict for only $1105.

The admission of improper evidence can not be regarded as a cause for reversal, unless the party against whom it was admitted has been injured or prejudiced by it.

In addition to this, it appears the court, in effect, excluded the consideration of that evidence from the jury, by the sixth instruction given at the request of appellant.   By this instruction. the jury were, in substance, directed not to assess damages to any other property except that described in the petition. over and through which it is proposed to construct the railroad.   This instruction, no doubt, accounts for the fact that the verdict of the jury, under the evidence, was not larger.

The next point relied upon by appellant is, the giving of instructions one, two and three, by the court, for appellee, against the objection of appellant.   They are as follows:

" 1.  The court instructs the jury, on the part of the defendant, that the said defendant, Sawyer, is entitled to compensation for land taken for right of way of petitioner over and across the lands of said defendant, and the jury should fix the amount of such compensation at what they believe, from the evidence, to be a fair value for the land so taken.

"2.  The court further instructs the jury that if they believe, from the evidence, that the defendant is entitled to damages by reason of the construction and use of said petitioner's railway over and across defendant's lands, then the jury should so find, and, in ascertaining the amount of such damages. should deduct therefrom such amount, if any, as the jury believe, from the evidence, the said defendant will be benefited by reason of the construction and use of said railway over and across said land of said defendant.

"3.  The court further instructs the jury that the form of their verdict in this case may be as follows: We, the jury, find for the defendant, and fix the compensation for land taken for right of way at ——— dollars. We further fix the damages sustained by the defendant, by reason of the construction and use of petitioner's railway over defendant's said land, at ——— dollars; filling the blanks in accordance with the foregoing instructions."

To the giving of each and all of which instructions offered by defendant, the plaintiff then and there objected and excepted.

The objection made to the first instruction is this: It is claimed that it is based on the act of 1852, and the jury were directed by it to fix the compensation from the evidence, when, by the act of 1872, the jury are entitled to examine the land itself, and make up their verdict from a personal examination of the premises as well as the evidence.

We do not think the position assumed tenable. The instruction, as provided by the act of 1872, merely requires the jury to give appellee just compensation for the land taken for right of way. The amount of compensation was to be determined from the evidence. Had the jury, in person, examined the premises, which they did not in this case, the facts derived from such examination would still have been a part of the evidence from which to make a verdict, and the instruction could not mislead the jury as to their duty.

It is urged that, by the second instruction, the jury were not confined, in the assessment of damages, to the tract of land described in the petition. We see nothing in this instruction from which a jury could reasonably presume they were at liberty to assess damages to land other than that named in the petition. If, however, there could be any doubt on that question, it is entirely removed by the fifth, sixth and seventh instructions given for appellant. By these, the jury were expressly confined, in the assessment of damages, to the lands described in the petition.

In regard to the third instruction, we fail to perceive wherein it is in conflict with the Eminent Domain Act of 1872.

It is next urged by appellant that the court erred in refusing to give its twelfth and thirteenth instructions. As to the twelfth, the substance of it had been given in other instructions, and its repetition could have been no benefit to appellant. The thirteenth is as follows:

" The court further instructs the jury that defendant can not recover damages because he may have a greater distance to travel to reach given points, nor because of any other inconvenience or anticipated trouble, and that he can only recover for such damages as are direct and immediate."

The first section of the Eminent Domain Act of 1872 declares that private property shall not be taken or damaged for public use without just compensation. We apprehend it needs no argument to show that, if a portion of a man's farm is cut off from his dwelling, and he is compelled to travel a greater distance to reach the land thus cut off by the railroad, than he otherwise would, and also the danger to which the owner and his family, and stock, are exposed, in crossing the track from one part of the farm to the other, are elements of damage, under the statute, proper for the consideration of the jury. Yet these things are entirely ignored by this instruction. The instruction was wrong, and

the court very properly refused it. *Wilson v. Rockford, Rock Island and St. Louis Railroad Company,* 59 Ill. 273.

So far as the record shows, this case was fairly submitted to the jury, and the verdict is fully sustained by the evidence. The judgment will therefore be affirmed.

*Judgment affirmed.*