JOHN MITCHELL *et al.*

*v.*

THE ILLINOIS AND ST. LOUIS RAILROAD AND COAL CO.

1. RIGHT OF WAY—*condemnation after road is built.* Where a condemnation of land for a railroad and the assessment of damages were set aside, by consent, for the purpose of making a new one of the land actually taken, and the land owner allowed to retain the compensation paid on the original assessment, to be applied on the second, and the court instructed the jury that the land owner was entitled to the value of the land sought to be condemned, with the improvements put thereon, and it did not appear but the jury followed the instructions in the assessment, this court, without deciding whether the law was stated correctly, refused to disturb the assessment, on appeal by the land owner.

2. SAME—*jury may act on their own conclusion from actual view.* In the assessment of damages for right of way, under the statute, the jury have the right to view the premises, and draw their own conclusions from such observations, as well as from the testimony offered in the case.

WRIT OF ERROR to the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiffs in error.

Messrs. G. & G. A. KŒRNER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On account of an error, or supposed error, in the description of the land first sought to be condemned for the use of the com-

pany's road-bed, the first assessment was, by mutual agreement, set aside, and it was agreed the company should institute new proceedings to condemn the right of way across defendants' land, as the road had then been constructed. In the first proceedings, the damages were estimated at the sum of $780, which amount was paid to the land owners. It was stipulated the land owners should retain the $780 paid on the first assessment, to be applied in liquidation of the damages and compensation that might be awarded in the condemnation proceedings to be commenced under the agreement.

In pursuance of the understanding between the parties, the company took measures to condemn the land of defendants, on which it had previously constructed its road; and upon the trial of the cause, the jury found the value of the land taken to be $780, and the damages to land not taken, over and above any benefits conferred upon the land, to be $265. The land owners being dissatisfied with the amount found, bring the case to this court on error.

The principal cause of complaint seems to be, the jury did not allow the land owners the value of the improvements the company had made upon the land taken under the former assessment that had been set aside as being irregular. Without discussing the question or expressing any opinion as to the correctness of the rule contended for as to the measure of damages, it is sufficient to say the jury were instructed, as the land owners insist the law is, that, if the railroad company had entered upon the premises and constructed its road without the consent of the owners, and afterwards sought to condemn the right of way, the company must pay for the embankments constructed and the track laid, as a part of the value of the land taken, and it will be presumed they were governed by the instructions of the court on that branch of the case as well as all others. It can not be known they were not.

As to the damages sustained, the evidence is conflicting. Under the statute, the jury had a right to view the premises, and draw their own conclusions from such observations, as well as from other testimony offered in the case. Even under

the rule of law contended for, we can not say the verdict is so much against the weight of the evidence that it ought to be set aside.

The judgment will be affirmed.

*Judgment affirmed.*