82 553
s183s284

## West Chicago St. R. R. Co. v. Andrew G. Lundahl, for use of Charles Hamill.

1. Assignment—*Of a Cause of Action—Effect of—When Void.*—Where the assignment of a cause of action is void it is a nullity, and the legal title and equitable ownership of the cause of action both remain in the assignor.

2. Parties—*The Words "For the Use of"—When Surplusage.*— Where the assignment of a cause of action is void, but the action is brought in the name of the assignor for the use of the assignee, the use of the words "for the use of," etc., is a matter of no moment and may be treated as surplusage.

3. Jurors—*What is Not Misconduct of.*—Under the direction of the court a bailiff took a juror to a telephone in an adjoining room, where he telephoned some instructions to one of his employes at his place of business, and the bailiff returned with him to the jury room. He talked to no other person while absent from the jury room. The bailiff was with him during all the time he was absent. Within a short time after his return, the jury came into court and announced their verdict. *Held*, no error, it not appearing that the party was in any manner prejudiced by the temporary absence of the juror from his fellow-jurors.

Action in Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 8, 1899.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

FRANCIS T. MURPHEY, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in an action in case by appellee against appellant. The declaration commences "Andrew G. Lundahl, for the use of Charles Hamill," etc. After averring the ownership and operation by appellant of an electric street railway in Ashland avenue, in the city of Chicago, and the duty of the appellant to so manage and operate the same as to avoid injury to persons rightfully using the street, the declaration proceeds as follows:

"Yet the defendant, disregarding its duty in this behalf, and while the plaintiff, exercising due care for his own safety, was driving, to wit, a certain horse and wagon, and was then and there crossing said railway tracks, to wit, where the said Ashland avenue intersects and crosses, to wit, Ohio street in said city, the said defendant then and there so carelessly, negligently and improperly moved, drove and managed the said car that by and through its negligence in this behalf its said car ran upon and against the said horse and wagon, by reason whereof, and as the result of said negligence, the plaintiff was then and there thrown to and upon the ground with great force and violence and greatly bruised, wounded and mangled," etc.

Ashland avenue is a north and south street, and Ohio and Indiana streets are east and west streets and intersect Ashland avenue, Ohio street being the next street north of Indiana street and about 500 feet from it. Appellant had two car tracks in Ashland avenue. Its cars ran north on the east and south on the west track. August 20, 1897, about six o'clock P. M., appellant was running a car north on the east track. Appellee was driving a wagon loaded with soda water, weiss beer, porter, cider and other like liquids, and empty bottles. The wagon and load weighed from 4,000 to 5,000 pounds, was drawn by two horses, and the distance from the end of the pole to the rear part of the hind wheels was about twenty-four feet.

Appellee was driving east on Ohio street, and when he drove onto Ashland avenue, he looked south and saw appellant's car just starting north on the east track from Indiana street. Not apprehending any danger, he continued to drive across Ashland avenue. The intersection of Ashland avenue and Ohio street, where he was driving, was in bad condition, appellant's tracks being from five to six inches above the surface of the street, so that appellee was compelled to drive very slowly. When the horses and fore part of the wagon had crossed the east track, the hind wheels of the wagon being on the track, appellant's car, moving north on that track, collided with the wagon, moving it about two feet, breaking down the left hind wheel and tipping the wagon to the left side. The horses, at the same time, became frightened by the collision, and sprang forward, and appellee was thrown from his seat and fell between the horses. The evidence is conflicting as to whether he fell on the tongue or pole of the wagon, or on the ground, or partly on the pole and partly on the ground. When picked up he was on the ground.

The trial occurred February 1, 1896. Appellee testified as follows:

"I got home; I sent for a doctor—Dr. Doe; he has been treating me yet; I got a big lump on my head there, and across my stomach I was all blue, all around there; I feel pain there and in my knees and feet; my knees and feet was all bruised too; the head is all right now; I feel pain in the stomach all the time; my knee is all right; my foot, I can't use that at all; it gets worse instead of better; I have to walk around now with crutches; I have been compelled to use crutches ever since I was injured; before, my limbs were all right; they were good and strong; my health is no good at all now; before I got injured my health was good; there is a difference in my weight of about forty pounds; my appetite now isn't good; I have been suffering all the time since that time; I have not been doing a day's work since."

Dr. Doe, who attended appellee immediately after he was injured, testified as follows:

"I was called to attend Lundahl on the 20th of August, 1897; when I came down there, he was lying in bed, and he

had pain all over his body; on the right side of his head he had a bump about as large as an apricot, and he was bruised and bleeding on the same side; on the left hand, inside on the arm, he was bleeding, and on the stomach, on different places; on the stomach he had big black spots, extravasats from the blood, of course, and down here on the right hip it was hurt, and it was bruised and blue, and the knees were swollen, and the ankles were swollen and blue. He complained about pain in his head and in his stomach; he continued to complain about pain in his head and in his stomach for about eight days. There was a good deal of difficulty in urinating. 1 have attended him since that time, and am still attending him; the first week I was there every day, then I was there three times a week, two times a week, and now I have not been there so often, of course. The present condition of the plaintiff is that he seems to be all right in his head and in the upper part of his body, but the right ankle is swollen, and he is unable to walk. Such an appearance of an injury as I have described is painful; pains right along, more or less, of course. It is the right leg. I think he will be permanently injured. It will be difficult for him to walk, of course, and it depends upon how much pain he will have by walking."

The jury found appellant guilty, and assessed appellee's damages at $3,000, for which judgment was rendered.

The appellee was earning $22 per week at the time. Counsel for appellant contend that the action is not maintainable, for the reason that it purports to have been brought for the use of Charles Hamill. There is no evidence that the cause of action has been assigned to Hamill, but counsel infer that it has been so assigned, from the fact that the suit purports to be for Hamill's use—insist the assignment is void—citing Railroad Co. v. Ackley, 171 Ill. 100—and jump to the conclusion that, therefore, the suit can not be maintained. If it be conceded that there has been a formal assignment of the cause of action to Hamill, the conclusion of counsel that the suit can not be maintained does not by any means follow from the premise that the assignment is void, because if void it is a nullity; the legal title and equitable ownership both remain in appellee, and the words, "for the use of Charles Hamill," are mere sur-

plusage. The use of these words is a matter of no moment to appellee; it can not be prejudiced by, or have any advantage because of them. Boone v. Stone, 3 Gilm. 537; Schiff v. Supreme Lodge, etc., 64 Ill App. 341.

Counsel for appellant further contend that appellee was guilty of negligence which contributed to the accident; that the verdict is contrary to the evidence, and that the damages are excessive. The jury have found by their verdict that appellee was injured, while in the exercise of ordinary care, by the negligence of appellant. Having carefully read and considered the evidence, we can not say that the verdict is manifestly against the weight of the evidence, nor can we hold that the damages are excessive. It appears from affidavits filed in support of a motion for a new trial, that the jurors retired to the jury room about 11:30 o'clock A. M., to consider of their verdict; that about 2:15 o'clock P. M., the bailiff in charge of the jury informed the court that one of the jurors desired to telephone to his place of business, whereupon the court told the bailiff that the juror might do so, and that he might take the juror to the telephone, provided he would remain with him while at the telephone and going from and returning to the jury room. The telephone was in the court house, in a room adjoining another court room. The bailiff took the juror to the telephone and he telephoned some instructions to one of his employes at his place of business, when the bailiff returned with him to the jury room. He talked to no other person while absent from the jury room. The bailiff was with the juror during all the time he was absent from the jury room. Within a short time after the juror returned to the jury room the jury came into court and announced their verdict.

The permitting the juror to absent himself from the jury room, as above stated, is assigned as error. There is no evidence that appellant was in any manner prejudiced by the temporary absence of the juror from his fellow-jurors. In Sanitary District v. Cullerton, 147 Ill. 385, the court say: "In civil cases the court will always inquire whether

injury has ensued from the separation, and when no abuse is shown or suggested, it will not be sufficient to avoid the verdict. Graham & Waterman on New Trials, 80–85; Drummond v. Leslie, 5 Blf. (Ind.) 454."

The judgment will be affirmed.