618

**UNITED STATES v. CERTAIN LAND SIT-
UATED IN RIPLEY, STODDARD AND
BUTLER COUNTIES, STATE OF MIS-
SOURI.**

Case No. 1394—Tracts Nos. 227, 228, 230,
261, 272, 277, 278, 279, 282;

Case No. 1409—Tracts Nos. 504, 505, 526,
527, 530, 533, 537, 549;

Case No. 1410—Tract No. 1019;

Case No. 1413—Tract No. 1017;

Case No. 1414—Tracts Nos. 283, 307,
308, 309, 311;

Case No. 1415—Tracts Nos. 313, 314, 315,
321, 326, 333, 336, 340, 360, 361, 363,
364, 365, 366, 367;

Case No. 1418—Tracts Nos. 373,
383, 392, 399;

Case No. 1419—Tracts Nos. 412, 413.

United States District Court,
E. D. Missouri, S. E. D.

Dec. 5, 1952.

George L. Robertson, U. S. Atty. and James C. Jones, III, Asst. U. S. Atty., St. Louis, Mo., for the United States.

HULEN, District Judge.

The Government is condemning a right-of-way for a power line. The right-of-way crosses many farms, necessitating various lengths of right-of-way over each. Rule 71A of the Federal Rules of Civil Procedure, 28 U.S.C.A., authorizing appointment of a commission to determine the compensation due landowners, has been the procedure followed thus far. The same commission acted in each case. The commis-

sion has held hearings, viewed the premises, and made its report. The Government has filed objections to the award of the commission. We will dispose of all of the objections in this memorandum.

Rule 71A provides:

"(h) *Trial.* \* \* \* If a commission is appointed it shall have the powers of a master provided in subdivision (c) of Rule 53 and proceedings before it shall be governed by the provisions of paragraphs (1) and (2) of subdivision (d) of Rule 53. Its action and report shall be determined by a majority and its findings and report shall have the effect, and be dealt with by the court in accordance with the practice, prescribed in paragraph (2) of subdivision (e) of Rule 53. \* \* \*"

Rule 53(e) (2), governing masters' reports, states:

"\* \* \* In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous."

The awards which the Government has objected to fall into three categories: (1) Those within the range of damages testified to by witnesses appearing before the commission; (2) where there is no such range, as in 1, but where there is substantial evidence in the record to support the award of the commission; (3) where the award is not within the range of the testimony and no other evidence appears in the record to support it.

The lands lie in Southeast Missouri. In selecting the commission we took particular care to get citizens of high standing for integrity and good judgment, and who were acquainted with land values.

■ We are not impressed with objections of the Government, where the compensation award is within the range of the testimony in the record, or is supported by substantial evidence. The commission saw the witnesses and the land, and are in a particularly good position to judge of the weight of the testimony. We therefore conclude there is no basis for finding the award is clearly erroneous in the following cases and as to the following tracts:

| Case | Tract |
|------|-------|
| 1394 | 279, 227, 228, 230, 272, 282 |
| 1409 | 505, 526, 527, 533 |
| 1419 | 413 |
| 1410 | 1019 |
| 1413 | 1017 |
| 1414 | 283, 307, 308, 309, 311 |
| 1415 | 313, 315, 326, 336, 340, 360, 361, 364, 366, 367 |
| 1418 | 373, 383. |

■ More serious is the complaint on the remainder of the tracts, that there is nothing in the record to support the award. While the findings as to each tract do not show that the commission went on the land and viewed it, it is admitted in the Government's brief that they did. There was a Government representative with the commission by request of the Court, to point out the boundaries of the right-of-way as to each tract. The Government's brief contends:

"We submit that the Commission did not have the right to make findings which were outside the testimony. The Commission viewed the premises and we recognize that they were entitled to take into consideration the nature and condition of the property. However, the findings of fact should be based upon evidence and testimony presented to it and made of record in the proceeding."

Because of the recent promulgation of Rule 71A, there is no case under it on this point. There is little in the history of the rule which sheds light on this question. The main controversy revolving around section (h) of Rule 71A was centered on the question of whether there should be trial by jury or by a commission. The final wording was a compromise between the proponents of the two systems. That a commission should view the premises was definitely within the intent of the Advisory Committee when it drafted the section. One of the arguments advanced by Judge Paul in favor of a commission was that it was impracticable to take juries long distances to view the premises. But none of the history sheds any light on what effect was to be given this view by the commission. We do not believe it was intended

that the view of the commission was to be a useless gesture. It certainly was intended to serve some purpose.

What purpose can it serve in this case. Here there were many landowners. In many cases the damage to a farm was small; so small it did not justify the individual landowners in hiring an attorney, employing witnesses, or in some cases taking a day off from work to attend a hearing before the commission. The awards for the 15 tracts we are considering range from $5 to $110 above the estimate of the Government's appraiser. The total of the excess of the commission's findings, to all 15 farms or tracts, over testimony of the Government's appraiser, is $731, or an average as to each tract of about $48.00.[1] In almost all cases the record shows the landowner did not appear. What a sad commentary it would have been upon economical administration of justice to have held jury trials as to each tract. But in a trial the judge could exercise some control over the testimony in cases where landowners did not appear, or appeared without legal representation. We are impressed that in the hearing before the commission, if the property owner's interest is so small as not to permit of employing counsel, or even attending the hearing, that it devolves on the commissioners to use the utmost good faith in seeing that the Government is not called on to pay a cent more than the damage done; also, and of equal importance, that the landowner is not required to accept one cent less than his actual damage. Under the circumstances of this case the Government is not to be penalized because it has funds to procure witnesses and employ an attorney. The tracts combined may justify it economically. On the other hand the landowners should not be penalized because their circumstances are just the opposite. How then can the commission in good faith perform their duties with any degree of integrity, and give all parties their "day in court," other than to go to the premises and view what the Government is taking? We believe cases such as this are ones in which it was intended that the ends of justice would be served under the new rule.

Under the law prior to the new rule of following state procedure in condemnation cases, and in procedure under state statutes, a view by a commission or a jury has been resorted to in determining dam-

| I. | Government's Testimony | | | Commission's Determinations | | | Difference |
|---|---|---|---|---|---|---|---|
| Tract No. | Before | After | Damage | Before | After | Damage | |
| Case 1394 | | | | | | | |
| 261 | $6,600 | $6,500 | $100 | $6,500 | $6,330 | $170 | $70 |
| 277 | 1,000 | 970 | 50 | 1,200 | 1,100 | 100 | 50 |
| 278 | 650 | 640 | 10 | 650 | 632 | 18 | 8 |
| Case 1415 | | | | | | | |
| 314 | 400 | 369 | 31 | 400 | 322 | 78 | 47 |
| 321 | 320 | 290 | 30 | 400 | 306 | 94 | 64 |
| 305 | 450 | 400 | 50 | 1,000 | 900 | 100 | 50 |
| 333 | 750 | 730 | 20 | 750 | 720 | 30 | 10 |
| 303 | 700 | 680 | 20 | 1,000 | 950 | 50 | 30 |
| Case 1418 | | | | | | | |
| 392 | 1,650 | 1,640 | 10 | 1,650 | 1,635 | 15 | 5 |
| 399 | 1,200 | 1,155 | 45 | 1,200 | 1,116 | 84 | 39 |
| Case 1409 | | | | | | | |
| 504 | 4,500 | 4,475 | 25 | 3,400 | 3,330 | 70 | 45 |
| 530 | 3,500 | 3,390 + 15* | 125 | 5,000 | 4,765 | 235 | 110 |
| 537 | 6,000 | 5,730 | 270 | 6,000 | 5,640 | 360 | 90 |
| 549 | 3,550 | 3,415 | 140 | 6,000 | 5,760 | 240 | 100 |
| Case 1419 | | | | | | | |
| 412 | 600 | 590 | 10 | 600 | 577 | 23 | 13 |

* $15 refers to compensation for crop damage.

ages, and the view was accorded the dignity of testimony in the record.[2] The fairness of following this line of cases appeals to us in this case. It impresses us as a just way for the Government to deal with its citizens in taking their property.

This is not to be interpreted as a broad holding that in any case a commission's report, where its members view the land, will be approved regardless of the oral testimony in the record. Here the conclusions of the various fact finders, that is the Government's witnesses who testified and the commissioners who viewed the premises show in the amount of difference of their findings some evidence of a conscientious performance of their duties by the commission and a lack of clear error. For illustration, take tract 399 in case 1418. The Government's testimony valued the land before taking at $1,650, and $1,640 after taking—damage $10. The Commission after viewing valued the land at $1,650 before taking and $1,635 after taking—damage $15. The judgment of this Court is not so perfected in calculating damages that it can determine this damage difference of $5

is clearly erroneous. We wonder by what process the Government has decided to urge the point in good faith. We feel the same way as to the maximum difference. Tract 530 in case 1409. Here the Government's testimony valued the land before taking at $3,500 and $3,390 after taking—damage $125. The Commission valued the land at $5,000 before the taking and $4,765 after taking—damage $235, or a difference of $110 between the Government testimony and the Commission's finding.

█ We think the result of the commission's view of the land is entitled to weight and consideration in passing on a motion to reject their finding. The burden of showing the report to be clearly erroneous is on the party attacking it. Here we are presented with only the record as made by the commission and their finding. The record and finding do not establish the report as to damage in any case or tract to be clearly erroneous.

The Government may present an order approving the report of the commission as to each tract and case.

2. Denver, T. & Ft. W. R. Co. v. Pulaski Irrigating Ditch Co., 11 Colo.App. 41, 52 P. 224; McGar v. Borough of Bristol, 71 Conn. 652, 42 A. 1000; Chicago Sanitary Dist. v. Cullerton, 147 Ill. 385, 35 N.E. 723; Maywood Co. v. Village of Maywood, 140 Ill. 216, 29 N.E. 704; Kiernan v. Chicago, etc., R. Co., 123 Ill. 188, 14 N.E. 18; Peoria & F. R. Co. v. Barnum, 107 Ill. 160; Green v. City of Chicago, 97 Ill. 370; Mitchell v. Illinois, etc. Co., 85 Ill. 566; Peoria, etc., Co. v. Sawyer, 71 Ill. 361; Evansville, etc., R. Co. v. Cochran, 10 Ind. 560; Chicago, etc., R. Co. v. Willits, 45 Kan. 110, 25 P. 576; Kansas City & S. W. R. Co. v. Baird, 41 Kan. 69, 21 P. 227; Shepherd v. Inhabitants of Camden, 82 Me. 535, 20 A. 91; Smith v. Morse, 148 Mass. 407, 19 N.E. 393; Tully v. Fitchburg R. Co., 134 Mass. 499; City of Kansas v. Baird, 98 Mo. 215, 11 S.W. 243, 562; Matter of Board of Sup'rs of Chenango County, 145 Misc. 353, 261 N.Y.S. 76; In re Antoinette St., 8 Phila. 461; In re Barbadoes St., 8 Phila. 498; Seattle, etc., Ry. Co. v. Roeder, 30 Wash. 244, 70 P. 498; Fox v. Baltimore & O. Ry. Co., 34 W.Va. 466, 12 S.E. 757; Washburn v. Milwaukee & L. W. Ry. Co., 59 Wis. 364, 18 N.W. 328; Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447; Equitable Life

Assur. Soc. v. Carmody, 8 Cir., 131 F. 2d 318; Burnett v. Central Nebraska Public Power & Irr. Dist., 8 Cir., 125 F.2d 836; Samuelson v. Central Nebraska Public Power & Irr. Dist., 8 Cir., 125 F.2d 838; United States v. Seufert Bros. Co., C.C., 87 F. 35; Lehigh Valley Coal Co. v. City of Chicago, C.C., 26 F. 415.

Wigmore gives modern expression to the principle underlying the ruling in these cases. He says that it is an attempt to repudiate the suggestion that "autoptic proference of the thing itself before the tribunal is to be excluded as a method of proof because it is impossible to transmit to the higher Court on appeal the source of belief thus laid before the tribunal below, and because thus the losing party cannot obtain a proper revision of the proceedings by the higher Court." IV Wigmore on Evidence, Third ed. (1940) § 1168, p. 284. He further says, "* * * it is wholly incorrect in principle to suppose that an autoptic inspection by the tribunal does not supply it with evidence; for, although that which is received is neither testimonial nor circumstantial evidence, nevertheless it is an even more direct and satisfactory source of proof, whether it be termed 'evidence' or not * * *." id. at p. 289.