## The Peoria and Farmington Railway Company

*v.*

## Orlando S. Barnum.

*Filed at Ottawa June 16, 1883.*

1. NEW TRIAL—*excessive damages—in proceeding to condemn right of way—presumption.*   On an assessment of damages for right of way, where the jury, at the request of both parties, view the premises, and no other evidence is offered, every presumption will be indulged in favor of the correctness of the verdict.   In such case it can not be known the damages assessed are excessive, as it can not be known what the jury saw.

2. INSTRUCTIONS—*in proceeding to condemn right of way—as being without evidence in their support.*   Where the jury view the premises over which a right of way is sought to be established, and no other evidence is given, the instructions given can only be considered as abstract propositions of law.   But were this not so, there being no evidence preserved in the record, this court can not say whether any of the instructions given were calculated to mislead the jury on the facts of the case.

3. PRACTICE—*remarks of judge in hearing of the jury.*   The remarks of the judge presiding at the trial of a cause, addressed to counsel in stating an objection to an instruction asked, and giving the reason for modifying the same, which it is not shown the jury heard, and not of much consequence either way, will not be a ground for reversing a judgment which must be presumed to be warranted by the facts of the case.

APPEAL from the County Court of Warren county; the Hon. JAMES H. STEWART, Judge, presiding.

Mr. R. J. GRIER, Mr. WM. K. STEWART, and Mr. J. M. KIRKPATRICK, for the appellant.

Mr. WM. C. NORCROSS, and Mr. A. KIDDER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The Peoria and Farmington Railway Company, a corporation existing under the laws of this State, presented its petition to the county court of Warren county to condemn certain lands owned by Orlando S. Barnum, for the use of its

road-bed. The petition is in the usual form, and describes with sufficient certainty the lands to be taken, the plan on which the track will be constructed, and how it would affect the residue of the owner's lands contiguous to that taken. The jury impanelled to try the cause were permitted by the court, at the request of both parties, to view the premises, and after the return of the jury both parties agreed to submit the cause to the jury without further evidence, and without argument, but the jury were to be instructed by the court as to the law of the case. That was done, and on the verdict rendered by the jury the court entered judgment. Petitioner brings the case to this court on appeal.

As the bill of exceptions contains no evidence, every presumption will be indulged in favor of the correctness of the verdict. It is certain it can not be known it is excessive. What the jury saw when they went upon the premises, of course is unknown to this court, and there is, therefore, no ground for saying the verdict is contrary to the evidence. Nor can it be known whether the instructions given by the court were applicable to the facts of the case as the jury discovered them to be from personal observation. The instructions, for that reason, can only be considered as mere abstract propositions of law. When that is done it is seen the whole series, considered together, are sufficiently accurate. But whether they are or not, there being no evidence preserved in the record, it can not be known whether any of the instructions were calculated to mislead the jury on the facts of the case as the jury understood them from viewing the premises, as they were permitted to do.

Some complaint is made as to the remarks made by the court, in the presence and hearing of the jury, in stating an objection to an instruction it was asked to give for petitioner, and the reasons for modifying it. What was said was a brief conversation with counsel, and although had in the presence of the jury it was not addressed to them. It may

be it was not heard by the jury. But if it was, it was not of much consequence one·way or the other, and it was not of sufficient importance to be made a ground of reversal of a judgment which it must be presumed was warranted by the facts of the case.

The judgment will be affirmed.

*Judgment affirmed.*