The Pittsburgh, Ft. Wayne and Chicago Railway Co.

*v.*

Larry Lyons *et al.*

*Filed at Ottawa January 20, 1896.*

1. Evidence—*what question raised by objection to ordinance.* Objection to a city ordinance on the ground that it is "incompetent, immaterial and irrelevant," does not raise the question of its validity, which can only be done by specific objection.

2. Same—*relevancy of ordinance for elevation of railway tracks.* A city ordinance requiring railway tracks upon streets to be raised is competent in a proceeding to condemn by a railway company, where there is a cross-petition for damage to land not taken, even though the company owns its right of way at the point in question, which is midway between two streets.

3. Same—*effect of preamble on competency of ordinance.* A city ordinance otherwise competent cannot be rejected as evidence because of recitals in the preamble giving reasons for its passage.

4. Damages—*in condemnation—when verdict will stand.* The damages awarded by a jury in condemnation will stand where the jury viewed the premises and the evidence is conflicting.

Appeal from the Circuit Court of Cook county; the Hon. E. F. Dunne, Judge, presiding.

Loesch Bros. & Howell, (Frank J. Loesch, of counsel,) for appellant.

Edward Maher, and Charles C. Gilbert, for appellees.

Mr. Justice Baker delivered the opinion of the court:

The Pittsburgh, Fort Wayne and Chicago Railway Company filed in the circuit court of Cook county its petition, under the Eminent Domain act, for the purpose of acquiring a piece of land amounting to 561 square feet, the property of Larry Lyons and Anne Lyons. Said piece of land is a strip nine feet in width diagonally off the south-west end of the east fifty feet of lot 4, in block 2, of Nichol's subdivision, in the city of Chicago. This strip

abuts on the land of said company lying between Sixty-first and Chestnut streets, and was desired by it for the purpose of widening the right of way for an additional track. Appellees filed a cross-petition, alleging damage to the part of the lot not taken. The cause was tried before a jury, who awarded appellees $390 for the value of the strip taken and $1100 damages for the remainder of lot 4 not taken. Appellant's motion for a new trial was overruled and judgment rendered against it for $1490. To reverse that judgment this appeal is prosecuted.

Appellant contends that the trial court erred in admitting in evidence, over its objection, a certain ordinance of the city of Chicago, and that the award for damages to that portion of lot 4 not taken was excessive and against the weight of the evidence, and upon these two grounds relies for a reversal of the judgment below.

*First*—The ordinance in question was adopted by the city of Chicago on July 25, 1890, and is entitled "An ordinance for the restoration of highways and streets in the city of Chicago whose surface is occupied by railroad tracks, by the removal of such tracks, and for the removal of railroad tracks from the surface of highways and streets in said city," and it orders that all railway tracks upon the surface of the streets and highways within the city of Chicago shall be removed therefrom, and that such tracks shall not be again laid except upon structures not less than sixteen feet above the established grade of said highways and streets. The record shows that when the ordinance was offered in evidence appellant objected to its introduction on the ground it was "incompetent, immaterial and irrelevant" evidence, and counsel say in their brief: "The alleged ordinance was therefore irrelevant, improper and incompetent for any purpose. * * * This objection being fatal to the introduction of the alleged ordinance as evidence for appellees, it is not material to examine its provisions or inquire into its validity or constitutionality." If appellant had

desired to raise the question of the validity of the ordinance, it should have placed its objection specifically upon that ground. Under the circumstances, and especially as the city of Chicago is not a party to this litigation, we will assume, for the purposes of this proceeding, the validity of the ordinance.

With respect to the relevancy of the ordinance as evidence in this case, appellant contends that because, at the point of contact with the appellee's lot, the railway owns its own right of way, this track elevation ordinance could not apply. This deduction is not reasonable. The record shows that the railway crosses Sixty-first street, a public highway, at a point about one hundred and fifty feet north of the point of contact with the appellees' lot, and then, proceeding south, crosses another public highway (Chestnut street) about one hundred and fifty feet south of the southern point of contact with said lot. It necessarily follows that if the tracks are elevated at the highways, as required by the ordinance, they must likewise be elevated at the lot in question, for appellant must either maintain a continuous elevated embankment or structure, or, after crossing Sixty-first street at the elevation, run down-hill sixteen feet to the middle of the block between that street and Chestnut, and thence up-hill sixteen feet until the latter street is reached. The latter course is so unreasonable that it is not even remotely possible it would be adopted. It was therefore competent for the jury to consider whether or not the erection of an embankment or other structure on a portion of the appellees' lot would decrease the value of the remainder.

The objection that the preamble to the ordinance probably prejudiced the minds of the jury we think without merit. The ordinance was competent testimony, and the preamble merely stated the reasons why the adoption of the ordinance was considered necessary. The material part of the ordinance was what it ordained—

not what induced the city council to pass it. It is to be presumed that the jury altogether disregarded the mere recitals contained in the preamble and were influenced only by what was ordered to be done, as that was all that had any bearing whatever upon the questions submitted to them.

*Second*—It is urged that $1100 was an excessive award of damages for the remainder of the appellees' lot not taken. Many witnesses were examined on this branch of the case, the opinions of witnesses ranging from a merely nominal damage fixed by a witness for appellant, to $2500 fixed by a witness for appellees. The jury themselves viewed the property, and, amid such conflicting testimony, were probably largely influenced in making up their verdict by their own calculations made from a personal inspection of the premises. The jury were instructed, at the instance of appellant, that their examination of the premises was a part of the evidence in the case, and should be so considered by them in making their awards. We do not know what weight the jury may have given to the testimony of the witnesses for appellees and appellant, respectively, or to what extent they relied upon the evidence obtained by them from their own view of the premises. We cannot, therefore, say whether the damages are excessive and against the weight of the evidence or not. *Maywood Co.* v. *Village of Maywood,* 140 Ill. 217; *Kiernan* v. *Chicago, Santa Fe and California Railway Co.* 123 id. 188; *Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 id. 323.

We find no error in the record, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*