## Cleveland, C. C. & St. L. Ry. Co. v. William Trimmell.

1. APPEALS AND ERRORS—*Error Without Injury.*—Where it is conceded in the brief of an appellant that the jury found the issues for him on a particular count of the declaration, such finding must be held to have cured all errors assigned by the appellant as to the admission or rejection of evidence or the giving or refusing of instructions under such count.

2. SAME—*Where Jury Were Permitted to View Premises Claimed to Have Been Damaged.*—In a suit to recover damages to real estate where the jury view the premises by agreement of the parties, in charge of an officer of the court, and with the permission of the court, and where the evidence is conflicting, the verdict of the jury will not be disturbed, although it may appear that it is against the preponderance of the evidence preserved in the record.

3. WORDS AND PHRASES—" *Weight of the Evidence,*" *and* " *Preponderance of the Evidence.*"—The phrases " the weight of the evidence " and " the preponderance of the evidence " mean one and the same thing and may be used interchangeably.

4. TRIALS—*Degree of Proof Required in Civil Cases.*—An instruction in a civil case requiring a plaintiff to prove certain facts and to show what he was actually damaged is erroneous, as calling for a greater degree of proof than is required in civil cases.

5. VERDICTS—*Can Not be Impeached by a Juror.*—The affidavit of a juror can not be received to impeach a verdict rendered by him.

**Trespass on the Case,** for damage to real estate. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

H. M. STEELY, attorney for appellant.

KIMBROUGH & MEEKS and JOHN W. KEESLAR, attorneys for appellee.

Inaccuracies may be disregarded, where, by the instructions taken as a whole, no injustice appears to have been done, and the verdict appears to be justified by the facts. Farmer v. Emminga, 53 Ill. App. 220; Greene v. Greene, 145 Ill. 264; Partlow v. Illinois C. R. R. Co., 51 Ill. App. 597; also same case, 150 Ill. 321; Kennedy Bros. v. Sullivan, 34 Ill. App. 46; Strohm v. Hayes, 70 Ill. 41; Caveny v. Weiller, 90 Ill. 158; Reed v. Rich, 49 Ill. App. 262.

It is no ground for reversal where it can be seen that, taking all of the instructions together, the jury could not have been misled. St. Louis Bridge Co. v. Fellows, 52 Ill. App. 504; Benson v. Chicago & N. W. R. R. Co., 41 Ill. App. 227; Cartier v. Troy Lumber Co., 35 Ill. App. 449.

The refusal of an instruction is not ground of error where the instructions, taken as a whole, are full and fair. Penn Mutual Life Ins. Co. v. Keach, 134 Ill. 583; Phillips v. Abbott, 52 Ill. App. 328.

Where the judgment does substantial justice, merely formal or harmless errors will not be regarded as ground for reversal. City of Mt. Carmel v. Guthridge, 52 Ill. App. 632; Jackson v. Crenek, 34 Ill. App. 235.

Where a jury had a view of the thing the condition of which was in question, they will be presumed to have seen whatever was wanting in the other evidence to justify their finding. North Chicago St. Ry. Co. v. Eldridge, 51 Ill. App. 430.

Where the evidence is conflicting and irreconcilable, the judgment will not be reversed on the ground that it is against the evidence, where the evidence on the part of the prevailing party, by itself considered, is sufficient to support the verdict. Lemp v. Belleville Glass Co., 34 Ill. App. 548; Steele v. Hill, 35 Ill. App. 211; Lake Erie & W. R. R. Co. v. Morain, 36 Ill. App. 632; Chicago West Div. Ry. Co. v. Bolton, 37 Ill. App. 143; Guild v. Warne, 149 Ill. 105.

The judgment will not be reversed unless the court can see that the conclusion reached was improper. Lyman v. Otley, 47 Ill. App. 82.

It is the province of the jury to reconcile conflicting evidence and determine questions of fact. Neer v. Illinois C. R. R. Co., 138 Ill. 29; City of Chicago v. Sanders, 50 Ill. App. 136; Brandt v. McEntee, 53 Ill. App. 467.

Any irregularity or misconduct in the juries themselves will not be a sufficient ground for setting aside a verdict * * * where the court is satisfied that the party has not, or could not have, sustained any injury from it. People v. Ransom, 7 Wend. 417; Evans v. Foss, 49 N. H. 490; Cleveland, C., C. & St. L. Ry. Co. v. Monaghan, 140 Ill. 481.

Unless it can be shown that the conversation with the juror operated upon him to the prejudice of the appellant, then the fact that a juror had a conversation with an outside party would not be of sufficient weight in itself to disturb the verdict, when it appears from the whole record that justice has been done. Adams v. The People, 47 Ill. 381.

There must be evidence of a bad intention on the part of the juror before the court will set aside a verdict. Graham & Waterman, New Trials (Vol. 2), 547; Wright v. Burchfield, 3 Ohio 53; Roe v. Taylor, 45 Ill. 485; Chicago & E. I. R. R. Co. v. Holland, 122 Ill. 469.

A verdict should not be set aside because a witness conversed with a juror, where it does not appear that the conversation was in relation to the case. Omaha Fair & Exposition Association v. Missouri Pacific Ry. Co., 42 Neb. 105; Bevelot v. Lestrade, 153 Ill. 625; Bonnet v. Glattfeldt, 120 Ill. 166.

Affidavits of jurors can not be received to impeach their verdict for misconduct. Allison v. People, 45 Ill. 37.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an action on the case brought by appellee in the Circuit Court of Vermilion County to recover damages of appellant alleged to have been caused to his premises and crops—

First. By carelessly and negligently, by means of plows and scrapers, digging up and uncovering, breaking up and destroying the main line of appellee's underground tile

drain, where it crosses the right of way of appellant, pre-
venting the free flow of water through the same, and pre-
venting the water from flowing off his lands, thereby
injuring the same and damaging the crops.

Second.   By negligently and carelessly blocking up and
obstructing the farm crossing of appellee over appellant's
right of way and railroad track, where it runs through his
premises, by storing cars thereon, and thereby compelling
appellee to travel much farther than he otherwise would
have to travel in going from one side of his farm to the
other.

Third.   For damages caused by appellant in allowing its
right of way to become overgrown with wild parsnips, burs,
thistles and other noxious weeds, and the same to spread to
the adjoining lands of appellee, making the labor of culti-
vating the same greater, and hindering the growth of crops
planted thereon, and damaging the pasture.

On the trial of the case in the Circuit Court with the jury,
a verdict was rendered for appellee assessing his damages
at $400.   The court overruled appellant's motion for a new
trial and entered judgment on the verdict for appellee.

It is conceded in the briefs of both appellant and appel-
lee, that the jury found the issues for appellant on the first
count in the declaration.   This being the case, the appellant
has no grounds for complaint on account of the admission
of improper evidence by the court, on behalf of appellee, or
the rejection of proper evidence offered on its part under
this count, nor had appellant any grounds of complaint on
account of the court giving improper instructions asked by
appellee, or on account of the modification or refusal by the
court of proper instructions asked by appellant.   The find-
ing of the jury for appellant on the first count of the decla-
ration cures all the errors assigned on this count.

It is earnestly urged by counsel for appellant that the
court below erred in overruling appellant's motion for a
new trial, because the verdict of the jury is not sustained
by the evidence and the damages assessed by the jury for
appellee are excessive.

It appears from the record that after the jury was impaneled and sworn, by agreement of counsel for appellant and appellee, and with the permission of the court, the jury visited the premises in controversy in charge of an officer and inspected the same. The information the jury obtained by a personal view of the premises in controversy, is what in the books is called real evidence. Springer v. City of Chicago, 135 Ill. 552. By making such view the jury can get a more correct idea of the premises in controversy and of the issues in the case, and of the testimony of the witnesses. Vane v. City of Evanston, 150 Ill. 616.

At the request of appellant the jury were instructed that "In determining the question as to whether or not the plaintiff has been damaged by the defendant company from the disconnecting, or breakage, or stoppage of his tile drain in question, or from defendant having allowed thistles, burs, wild parsnips, and other noxious weeds to grow on its right of way and go to seed, and the seed to spread to plaintiff's lands and injure his pastures or crops, you have a right to take into consideration in addition to all the evidence introduced in this case, your own inspection of the premises in question, and from all the evidence and your own inspection of the premises, determine whether or not the defendant railroad company is guilty of the acts complained of in the first and third counts of the declaration, and if so, what, if any, damages plaintiff has sustained by reason thereof." By this instruction it will be observed the jury are told that they should not, in arriving at their verdict, be governed alone by the testimony introduced and heard in open court, but should also take into consideration what they learned from an inspection of the premises in question, making it imperative upon the jury to consider what they learned upon an examination of the premises. What the jury learned from their personal view of the premises, we do not know. But in cases like the present one, where the jury makes a personal view of the premises by agreement of the parties, in charge of an officer of the court, and with permission of the court, and where the evidence is conflict-

ing, the verdict of the jury will not be disturbed, although it may appear that the verdict of the jury is against the preponderance of the evidence preserved in the record. Chicago & I. R. R. Co. v. Hopkins, 90 Ill. 316; Maywood Co. v. Village of Maywood, 140 Ill. 216; Chicago, B. & Q. R. R. Co. v. City of Naperville, 166 Ill. 87; City of Springfield v. Dalby, 139 Ill. 34; Pittsburgh, Ft. W. & C. Ry. Co. v. Lyons, 159 Ill. 576; Peoria & F. Ry. Co. v. Barnum, 107 Ill. 160.

There is complaint that the court erred in permitting improper evidence to go to the jury, offered by appellee; we think if this evidence was objectionable, the effect of it was harmless, and would not justify a reversal of the case.

It is urged the court below erred in giving appellee's sixth instruction. By this instruction the jury were in effect told that it was the duty of a railroad company to furnish suitable farm crossings across its track and right of way where the land on both sides was owned by the same land owner, and that a failure to do so rendered the company liable for such damages as might be shown by the evidence.

While this instruction is not free from criticism, we do not think the jury were misled by it. The case was tried upon the theory that it was the duty of the appellant to furnish appellee with a suitable farm crossing, when the railroad company kept it blocked by storing cars over it, appellant was not furnishing him with such crossing. It was not insisted that appellant did not put in a farm crossing, but that the appellant at times deprived him of the use of it, to his damage.

The appellant is in no position to complain of the seventh instruction given for appellee, as the sixth instruction asked by appellant and given by the court covers substantially the same ground, except appellant uses the phrase " preponderance of evidence " and appellee the phrase " weight of evidence." It is insisted by appellant that the phrases " the preponderance of evidence " and " the weight of the evidence " are not synonymous. The phrase " the preponder-

ance of the evidence " means the proof on one side of a cause outweighs the proof on the other. Anderson's Dict. The phrase " the preponderance " is used to signify that the proof on one side of a cause is greater than on the other. 2 Bouvier's Dict. These two phrases mean one and the same thing. Crabtree v. Reed, 50 Ill. 206; Central Bridge Corporation v. Butler, 2 Gray (Mass.) 130.

The objections urged as to the eighth and ninth instructions given for appellee are not well taken, as other instructions given limited the inquiry as to damages to injuries sustained after appellant had acquired the possession of the road, and was operating the same, and before the commencement of this suit. Appellant's second instruction requires a greater degree of proof than is required in civil cases and was rightfully refused. This instruction required the plaintiff to prove what he actually did, how many times he actually did go round by reason of the blocking of the crossing, and what he was actually damaged by reason thereof. This amounted to telling the jury that these facts must be established beyond a reasonable doubt.

We are relieved from an examination of the other instructions complained of, as they relate to the cause of action set out in the first count of the declaration, because by the concession of counsel, both for appellant and appellee, the finding of the jury on this count was for appellant. It is contended on behalf of appellant that the court erred in overruling the motion for a new trial on account of the misconduct of one of the jurors, J. B. Cooper, who served on the jury upon the trial in this case. One Orndorfe, a fellow juror of Cooper, makes an affidavit in which he states that after court had adjourned, Cooper came to him and attempted to talk to him about the case and in his talk said that " we," meaning the jury, ought to give " him," the plaintiff, a pretty good sum, or words to that effect; that as affiant understood, said Cooper was trying to find out how affiant would vote. By filing this affidavit the juror Orndorfe attempts to impeach the verdict. This he can not do. In Smith v. Eames, 3 Scam. 76, it is said:

" This would be a very dangerous practice, as it would create a strong temptation in the losing party to tamper with the jurors, and thus procure their afterthoughts, produced by intercourse with the party, to be imposed upon the court for their opinions in the jury room."

The affidavit is indefinite and uncertain. We are satisfied that appellant was in no way injured by the irregularity on the part of the juror. Cleveland, C., C. & St. L. R. R. Co. v. Monaghan, 140 Ill. 474.

The other affidavits filed by appellant relate to declarations made by one Knox to the effect that with one hundred dollars he could throw the verdict of the jury either way. It does not appear that Cooper or any other member of the jury heard them or was influenced thereby. The judgment of the Circuit Court is affirmed.