## Donk Bros. Coal & Coke Company v. John Tetherington.

VERDICT—*upon question of damages to land; when not disturbed.* The verdict of a jury on the question of damages to land based upon a personal inspection of the premises, will not readily be disturbed by the court for the very excellent reason that in such case the verdict is based upon evidence before the jury which was not before the reviewing court.

Action in case. Appeal from the Circuit Court of Madison county; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

FORMAN & WHITNEL and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

C. H. BURTON, W. E. WHEELER and W. E. HADLEY, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is the second appeal in this cause. The first trial resulted in a verdict and judgment for plaintiff for $1,500, from which the defendant appealed to this court, which, at the August term, 1906, reversed the judgment and remanded the cause. 128 Ill. App. 256. A second trial upon the same pleadings and issues of fact was had and the jury again found for the plaintiff, assessing damages at $3,000. On motion for new trial the court required a *remittitur* of $500, which was entered, a new trial was denied and judgment on the verdict for $2,500 was rendered. The defendant

656     APPELLATE COURTS OF ILLINOIS.

VOL. 135.]     Donk Bros. Coal & Coke Co. v. Tetherington.

again appealed and now asks a reversal of the last given judgment. A sufficient statement of the pleading will be found in the opinion of the court on the first appeal. The issues were the same as upon the first trial, and in a general way the evidence is substantially the same, differing only in volume as we now remember it, there being more evidence in this record, especially upon the question of damages, than on the first trial.

Appellant challenges the judgment and asks for a reversal, relying chiefly upon the ground, as stated, that the evidence does not justify the verdict. In support of this contention it is insisted (1) that the deposit of coal slack upon appellee's farm resulted from an unprecedented and extraordinary rain-fall, and (2) that the record does not show any negligence on the part of the appellant. We are not disposed to enter into an extended discussion of the evidence bearing upon these questions for the reason, that after a careful reading of the abstract and consideration of the argument and discussion by counsel we are fully persuaded that we cannot, on this record, substitute our judgment for that of the jury upon questions of fact, fairly submitted, tried and determined from the evidence, which to say the least did not greatly preponderate either way. That the evidence tended to prove the cause of action alleged and that the questions of fact were properly submitted to the jury is not, we think, seriously contested in argument by counsel. At any rate this court so held on the first appeal and there is nothing in this record to justify a different conclusion. Whether the damages sustained were due to appellant's negligence, which the evidence tended to prove, or to an unprecedented rain-fall, of which the evidence was conflicting, or to both causes combined, depended upon the weight and credit allowed to the testimony of the several witnesses produced. It was a simple issue of fact to which the evidence was directed, and nothing appears in the record from which

this court can say that the jury did not fully and fairly consider all the evidence, or, misapprehending the issue on trial, that the jury acted in mistake of function or duty. That coal slack, mine debris and refuse from appellant's washer was carried down the stream and deposited upon appellee's land, and that he was damaged thereby, is not disputed, and even though the breaking of the dam and release of water in the reservoir may be attributed to an unprecedented rain-fall—an act of God—it is doubtful that appellant thereby would be wholly exonerated, for there is evidence, that at other times, before and after the flood of 1904, the retaining dam gave way, and that refuse matter from the mine-washer found its way to appellee's land.

Appellant insists that the damages are excessive. Upon this question numerous witnesses testified on both sides and, as usual in such cases, there was great diversity of opinion, the estimate of damage to the land ranging from nothing to as much as $3,000. By consent of parties the jury visited and examined the land affected, and by request of appellant the jury were properly instructed by the court to consider their personal inspection of the premises as part of the evidence in the case. By inspection the land itself was in evidence and whatever was indicated by appearance, surroundings, locality and conditions, found upon inspection, was to be considered by the jury in connection with all other evidence produced. The verdict of a jury on a question of damages to land, based upon a personal inspection of the premises, will not readily be disturbed by the court for the very excellent reason, that in such case, the verdict is based upon evidence before the jury which was not before the court. The jury's verdict or judgment is based upon evidence, while an adverse judgment by the court, under such circumstances, would be purely arbitrary. We cannot say, for it is impossible to know, that the jury ignored the testimony of any witness on the question of dam-

658    APPELLATE COURTS OF ILLINOIS.

VOL. 135.]    Donk Bros. Coal & Coke Co. v. Tetherington.

ages. They had the right to put their own judgment, based upon inspection, against the judgment of any or all other witnesses testifying likewise from inspection. Guyer v. D. R. I. & N. W. Ry. Co., 196 Ill. 370. In Kiernan v. C. Santa F. & Cal. Ry. Co., 123 Ill. 188, the court approves an instruction that directs the jury "that if they believe from the whole evidence that they had, from a personal examination of the premises, arrived at a more accurate judgment and determination as to the value of the premises sought to be taken, and of the amount of damages, than is shown by evidence in open court, then and in that case they might, upon the evidence, rightfully fix the value of land taken and the amount of damages, at the amount so approved by their judgment so formed from personal examination of the premises, as a jury, even though it might differ from the amount testified to, and from the weight of testimony given by witness in open court." The court adds: "this instruction accords with what this court has heretofore said upon the subject," and cites a number of cases. In P., Ft. W. & C. Ry. Co. v. Lyons, 159 Ill. 576, wherein it was contended that the verdict was excessive under the evidence, the court observes: "The jury themselves viewed the property, and amid such conflicting testimony were probably largely influenced, in making up their verdict, by their own calculations made from a personal inspection of the premises. * * * We do not know what weight the jury may have given to the testimony of witnesses for appellees and appellant, respectively, or to what extent they relied upon the evidence obtained by them from their own view of the premises. We cannot therefore say whether the damages are excessive and against the weight of evidence or not."

We think that appellee's one given instruction, of which complaint is made, is a substantially correct statement of the law applicable to the facts in this case. By numerous instructions given by request of

appellant, the jury were instructed, directed, cautioned and enjoined, touching every phase and theory of the defense. We find no error in the proceedings affecting prejudicially the rights of appellant. The case was fairly tried and the verdict in our opinion expresses the honest, deliberate, impartial determination of the jury, based upon the evidence under the issues of fact submitted. The judgment, therefore, will be affirmed.

*Affirmed.*