(No. 20679

THE FOREMAN-STATE TRUST AND SAVINGS BANK, Plaintiff in Error, *vs.* FRANK S. DEMETER, Defendant in Error.

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

HARRY Z. & BERNARD PEREL, and LEESMAN & ROEMER, for plaintiff in error.

CHARLES WALDMAN, (CLYDE C. FISHER, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, the Foreman-State Trust and Savings Bank, a corporation, as trustee, on December 9, 1929, in the municipal court of Chicago, obtained a judgment by confession for $8025 against defendant in error, Frank S. Demeter. On motion of defendant in error the judgment was opened up, he was given leave to plead, there was a trial by jury and a verdict and judgment in his favor. The judgment was affirmed by the Appellate Court, and the case comes to this court by *certiorari*.

The evidence shows that on December 1, 1924, defendant in error entered into a written lease with the Lindlahr Sanitarium, Inc., for the premises known as 509 to 533 South Ashland boulevard, Chicago, which premises consisted of nine old buildings containing about one hundred rooms, which were used for rooming house purposes. The lease was for ten years from December 1, 1924, and defendant in error was to pay a rental of $12,000 yearly, payable $1000 on the first of each month in advance, together with all taxes and assessments, and he was to keep the premises insured. In case the lessee neglected to keep the premises insured, the lessor might, at its option, procure the insurance and add the amount paid therefor to the next installment of rent due. In case of a fire the lessor was to collect the insurance and turn it over to the lessee, who covenanted to re-build the buildings. After the execution of the lease the lessor's interest was assigned to Otto Michel Rice, who assigned it to Morris Goldman, who assigned it to the Foreman Trust and Savings Bank as trustee, the predecessor of plaintiff in error. On February 25, 1926, defendant in error entered into a written agreement with Rice, who was then the lessor, by the terms of which the lease was amended so that the payment of taxes, insurance and the other payments mentioned in the lease were to be made in twelve monthly installments in

advance, commencing March 1, 1926. Defendant in error on the date of the original lease took out fire insurance for three years and paid the premiums, taxes and assessments on the premises and $1000 a month rental until March 1, 1926. He claims that after this date he paid a monthly rental of about $1308, and that he had nothing further to do with the payment of insurance, taxes and assessments, and that he continued these monthly payments through December, 1928.

On December 23, 1928, one of the buildings was considerably damaged by fire. On December 24, 1928, defendant in error notified Arnold Marks, the beneficial owner of the property, of the fire and asked that an adjuster be sent to the premises. On December 26, 1928, according to the testimony of defendant in error and two other witnesses, Marks told defendant in error that he had no insurance at the time of the fire and had been unable to secure any because of two smaller fires the previous October. Marks refused to make repairs, and defendant in error testified that Marks told him he could move out. A letter dated December 5, 1928, written by Marks' firm and addressed to defendant in error, advised him that the insurance would expire on December 11, 1928, and that the insurance company would not renew the policy unless the buildings were placed in a tenantable condition. Marks admitted that the premises were not so restored. On the other hand, Marks testified that the buildings were fully insured at the time of the fire, on December 23, 1928, and that he collected the money on the insurance and was holding the money subject to the provisions of the lease. He testified that on December 26, 1928, when he was at the premises, he saw that defendant in error was moving out and that he gave him no authority to do so. Defendant in error testified that he moved on December 28, 1928. Prior to the fire he had sub-let a portion of the premises to two tenants, whose leases did not expire until after de-

fendant in error moved out. After the fire he told the two sub-tenants that he was moving out and that they would have to move also. They testified that they went to Marks, who told them he had nothing to do with the property until after the first of the year and asked them to come back at that time. After the first of the year the tenants talked to Marks, but no definite arrangements were made for their staying and they moved out in February, 1929. They paid no rent to Marks.

The statement of claim filed by plaintiff in error set up the execution on December 1, 1924, by defendant in error as lessee, of a ten-year real estate lease with the assignor of plaintiff in error as lessor, at a rental of $1000 per month, and that defendant in error failed to pay rent for the months from May to December, 1929, both inclusive. Defendant in error's affidavit of merits sets up that he had deposited on the lease $2000, which was to draw six per cent interest; that it was agreed between him and the original lessor that this $2000 and interest were to be the limit of the liability of the lessee under the lease in the event of the breach or default by him; that this fund was never returned to defendant in error but remains on deposit; that subsequently he and the lessor agreed that the fire and tax provisions in the lease should be changed, and in lieu of the lessee placing insurance on the premises and paying the premium therefor the lessor was to be responsible for the placing of the insurance and was to pay the premium therefor, adjust the fire loss and re-build the premises in case of fire, and in consideration thereof the lessee was to pay each month, in addition to the rent specified in the lease, an agreed sum which would cover the amount prorated due monthly on insurance and taxes; that each month thereafter, through December, 1928, defendant in error paid to the lessor the agreed sum of $308.34 in addition to the specified rent, in accordance with the agreement; that the insurance on the premises expired December 11,

1928, and fire broke out thereon on December 23, 1928; that defendant in error immediately notified the lessor of the fire, and then learned for the first time that the insurance had not been renewed; that he requested the lessor to re-build, and the lessor refused; that the parties then agreed to the termination of the lease at the end of December, 1928, and that on December 28, 1928, defendant in error moved out and surrendered possession to the lessor, having paid his rent in full through December, 1928.

As grounds for reversal plaintiff in error insists that defendant in error relies for his release from this lease upon the ground that the lease was violated by the refusal of the landlord to re-build after the fire, and that he sought to incorporate in the lease an oral agreement to that effect; that his reliance was upon an undertaking of the landlord and not upon a waiver of an undertaking of his own; that the original lease provided that in case of fire the buildings should be renewed by the tenant; that the written amendment of the lease only provided that the payment of taxes, insurance and other payments mentioned therein should be made in twelve monthly installments in advance, and that this addition should in nowise affect the other covenants, conditions and terms of the lease, therefore the tenant was under the obligation to re-build; that to constitute a surrender of a lease by parol there must be an agreement, the agreement must have been executed according to its terms and the lessor must have acted on the surrender, and the burden of proof is upon the defendant in error to prove each one of these elements; that all the evidence shows is that defendant in error called upon plaintiff in error to re-build and plaintiff in error refused, whereupon defendant in error threatened to move out, and plaintiff in error told him to go ahead; that the entire premises were not vacated, because defendant in error's sub-tenants remained for over a month after defendant in error moved; that the vacation by the sub-tenants afterwards was not a

surrender; that under the Statute of Frauds a lease can not be surrendered by parol; that the claim that the landlord was at fault for failure to re-build is not sustained by the record except by testimony of a parol agreement, which cannot be given effect; that the court erred in admitting the alleged conversation testified to by the defendant in error relative to the lessor assuming the obligation to re-build after the fire; that plaintiff in error objected to this testimony on the ground that it would vary the terms of a written contract, and that this evidence was not admissible for any purpose in this record.

Affirmance by the Appellate Court of a judgment in a suit at law precludes this court from an examination of the record except to ascertain whether the law has been properly applied by the trial and Appellate Courts to the facts before them, and to determine whether, if the record discloses error, the judgment ought to be reversed. (*Illinois-Indiana Fair Ass'n* v. *Phillips,* 328 Ill. 368; *Board of Education* v. *Board of Education,* 343 id. 464.) Plaintiff in error then rested its case and made a motion for a directed verdict, which was overruled. Defendant in error was then called to the witness stand and denied plaintiff in error's testimony that he was moving out when plaintiff in error saw him on December 26. After this evidence was heard plaintiff in error did not renew its motion for a directed verdict. A motion to direct a verdict must be presented, together with an appropriate instruction, at the close of all of the evidence in order to preserve a question of law for review in this court. (*Reavely* v. *Harris,* 239 Ill. 526.) It is apparent from an examination of this record, however, that the trial court and counsel on both sides considered that the evidence was closed at the time the motion was made. The testimony admitted after the motion was made was of little importance and did not change the rule. The question of law presented upon a motion to direct a verdict is whether, when all of the evi-

dence is considered, together with all reasonable inferences drawn from it, in its most favorable aspect to the party against whom the motion is directed, there is a total failure to prove one or more necessary elements of the case. (*Coal Creek Drainage District* v. *Sanitary District,* 336 Ill. 11.) This precludes a weighing of the evidence to determine its preponderance but requires a consideration of the evidence itself, and not merely the statements of the Appellate Court as to what facts have been proved. *Nelson* v. *Stutz Chicago Factory Branch,* 341 Ill. 387.

The record in this case contains a bill of exceptions, including a stenographic report of the testimony and the rulings of the court. The certificate does not recite that the bill of exceptions contains all of the instructions, but plaintiff in error is not now assigning as error the giving or refusing of instructions. The bill of exceptions does not contain a motion for a new trial or a motion in arrest of judgment although the record shows they were made. They were merely copied into the record and were not made a part of the record by the certificate of the trial judge. In order to be preserved as a part of the record, all motions, including motions for a new trial and in arrest of judgment, must be preserved in a bill of exceptions. (*Greenwell* v. *Hess,* 298 Ill. 459; *Butchas* v. *Metropolitan State Bank,* 337 id. 612; *Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood,* 194 id. 69.) No motion for a new trial having been preserved in the bill of exceptions this court cannot review the sufficiency of the evidence. (*People* v. *Lehner,* 335 Ill. 424; *People* v. *Marshall,* 309 id. 122.) Errors on the admission or rejection of evidence, where the rulings of the court thereon have been incorporated in the bill of exceptions, are open for review even though no motion for a new trial has been made. (*People* v. *Gabrys,* 329 Ill. 101; *People* v. *Hatcher,* 334 id. 526.) We will only consider such questions as are properly before this court.

In addition to the motion for a directed verdict, which was denied, (the correctness of which ruling we have no authority to review,) the abstract shows that only three rulings were made adversely to plaintiff in error. Defendant in error was asked on cross-examination who was the president of the Paulina Hotel Corporation. This question was irrelevant, the court sustained an objection to the question, and this ruling is not questioned. Defendant in error was allowed to testify on direct examination, over objection, that during his tenancy under Rice a change was made with reference to that tenancy. The ruling was that the witness might answer "yes" or "no" as to whether a change had been made, and this ruling is not questioned. The only ruling questioned was with reference to the admissibility of a conversation between defendant in error and Rice wherein it is claimed that Rice agreed to re-build the premises in case of fire, to accept the $2000 and interest on the deposit with the lessor as liquidated damages, and terminate defendant in error's liability under the lease in the event of his breach or default. A general objection was made to the admissibility of this conversation, but the court admitted the testimony subject to a showing by defendant in error that it was admissible. When defendant in error concluded his testimony as to this conversation counsel for plaintiff in error moved to strike it on the ground that this was a defense not raised in defendant in error's affidavit of merits. The court overruled the motion to strike. There was no error in this ruling. This defense was raised in the defendant in error's affidavit of merits. There was a specific objection to this evidence based on a particular point. This was a waiver of all objections not specified or relied on. (*Prairie du Rocher* v. *Milling Co.* 248 Ill. 57.) A party will not be permitted to urge objections in a court of review which were not urged in the trial court. *Morey* v. *Brown,* 305 Ill. 284.

Plaintiff in error insists that under the written lease, in case of a fire, the buildings were to be replaced by defendant in error. It also contends that this provision of the lease was not, and could not be, varied by parol. It is undisputed that the original lease was altered by a written agreement between defendant in error and Rice, in which it was agreed that the taxes, insurance and other payments to be made under the original lease should be made in monthly installments; and there is also evidence tending to show that after this amendment the landlord attended to procuring the insurance and the tenant had nothing to do with the insurance except to pay the premium. Defendant in error insists that unless the repairs were made by plaintiff in error he could vacate the premises and terminate the lease, and that the landlord refused to make the repairs. Plaintiff in error denied that it had been unable to procure insurance but offered testimony to the effect that the property was insured and that some months after the fire the insurance was paid to plaintiff in error. There was evidence tending to show that after the fire there was a parol agreement to terminate the written lease, which, it is conceded, could properly be done. (*Automobile Supply Co.* v. *Scene-in-Action Corp.* 340 Ill. 196; *Alschuler* v. *Schiff,* 164 id. 298; *Williams* v. *Vanderbilt,* 145 id. 238.) There is also evidence tending to show a vacation of the premises by defendant in error pursuant to an agreement to vacate between the landlord and the tenant, and also a termination by defendant in error of the lease with his sub-tenants. In this condition of the record this court would not be justified in reversing the judgment, and it is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*