(No. 21646.—)
CLEO WILLIAMS, Defendant in Error, *vs.* THE CONSUMERS COMPANY, Plaintiff in Error.

*Opinion filed February 23, 1933—Rehearing denied April 11, 1933.*

WINSTON, STRAWN & SHAW, and PHILIP H. TREACY, (SILAS H. STRAWN, CHARLES J. McFADDEN, and GEORGE B. CHRISTENSEN, of counsel,) for plaintiff in error.

OLDS, STOLLE & BELLAIR, (MILFORD H. OLDS, and JOHN F. BELLAIR, of counsel,) for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

As a result of a collision between an automobile in which Cleo Williams, defendant in error, (herein called plaintiff,) was a passenger, and a truck and trailers owned by the Consumers Company, plaintiff in error, (herein called defendant,) plaintiff sustained personal injuries for which she was awarded $3000 by a jury verdict and judgment in the superior court of Cook county. This judgment was affirmed by the Appellate Court for the First District. A writ of *certiorari* brings the case here.

Counsel appearing for plaintiff in error in this court did not represent it in the trial court or Appellate Court.

The facts disclosed by the record are these: Cleo Williams was an unmarried waitress twenty-two years old, who worked at night from 5:00 P. M. to 2:00 A. M. in a Chicago restaurant. Shortly after going off duty, or at about 2:30 A. M., on October 27, 1928, she started home in a Chevrolet automobile owned and driven by John McCarthy. They proceeded in an easterly direction on Fifty-Fifth street, also known as Garfield boulevard. This street has a two-way drive, the south driveway for east-bound and the north

driveway for west-bound traffic. Plaintiff and McCarthy were riding in the front seat of the Chevrolet and Walter Hanson occupied the rear seat. The weather was rainy and misty, and according to plaintiff's testimony McCarthy was driving at a rate of about eighteen miles an hour. The wind-shield wiper on his car was in motion. As they approached Wabash avenue plaintiff was the first to observe defendant's truck approaching from the north about thirty feet from the intersection and thereupon screamed, "Look out!" McCarthy saw the truck at about the same time and turned his car north into Wabash avenue in an attempt to pass around the rear of the truck. Neither plaintiff nor McCarthy then saw that two trailers were attached to and being towed by the truck. The combined length of the truck and two trailers was fifty-seven feet. McCarthy cleared the truck but struck the right side of the second or rear trailer, bending the left front axle and smashing the left front fender and left side of his car. By the force of the impact plaintiff was thrown off the seat against the front of the car, her left shoulder was injured by striking the steering wheel, she struck her chin against the instrument board, and received other injuries.

The truck was equipped with oil lanterns in the front and rear. The trailers were mere platforms on wheels and were not loaded. The driver of the truck, George Nelson, and his helper, Julius Hansen, testified that the automobile in which plaintiff was riding was traveling at a speed of about thirty-five miles an hour; that the truck and trailers came to a stop when they reached the intersection; that they saw the Chevrolet approaching from the west about a half-block away as they started to cross Garfield boulevard, and that the truck was almost wholly across and the rear trailer about fifteen feet onto the boulevard when the Chevrolet struck the rear trailer. They said the street lights at the corner of Wabash avenue and Garfield boulevard were lighted at the time of the accident. They

stopped their truck and trailers several minutes while they went back to see if anyone was hurt. They said the front and rear lights on the truck were lighted but the light on the rear trailer was then out, and Hansen testified that it had evidently been extinguished when the trailer was struck by the Chevrolet. The evidence is in irreconcilable conflict as to whether these trailers were lighted. Plaintiff, McCarthy and Walter Hanson all testified that there were no lights on the rear of the truck or on either of the two trailers. Julius Hansen and George Nelson, employees of defendant, who were in the cab of the truck, testified that the two head-lights on the truck, a cab-light on the truck and a red lantern hanging on the rear of the second trailer were all lighted. There is no evidence from any source that there were any lights on the first trailer.

Much space in defendant's brief and argument is devoted to citations of testimony and discussions of the evidence, with repeated declarations that this was a "closely contested case," and that the Appellate Court, while recognizing that there was conflicting evidence, failed to appreciate the importance of that fact. Where, as in this case, the Appellate Court has affirmed the judgment of the trial court upon controverted questions of fact, this court is bound thereby and is limited in its examination of the record to a review of questions of law, only. Cahill's Stat. 1931, chap. 110, sec. 121; *Illinois-Indiana Fair Ass'n* v. *Phillips,* 328 Ill. 368; *Seiders* v. *Henry,* 347 id. 467.

The trial court did not err in denying defendant's motions for a directed verdict at the close of plaintiff's case and at the close of all the evidence. The question of law presented by such a motion is whether, when all the evidence is considered, with all reasonable inferences drawn from it, in its aspect most favorable to the party against whom the motion is directed, there is a total failure to prove one or more necessary elements of the case. (*Foreman-State Trust and Savings Bank* v. *Demeter,* 347 Ill.

72; *Coal Creek Drainage District* v. *Sanitary District,* 336 id. 11.) An examination of the evidence presented by plaintiff reveals no such failure in the present case, and the motion was therefore properly denied.

We are urged by defendant to reverse the judgment of the jury, the trial court and the Appellate Court because of a reply made by witness McCarthy wherein he mentioned an insurance company. After stating that he went to the Consumers Company the next morning to report the accident, McCarthy was asked by the attorney for plaintiff: "What did you do, if anything?" and he answered, "I went up there and explained to him, and he sent me to the insurance company." This answer was unresponsive to the question put, but the attorney for plaintiff immediately assured the court that he did not know that the witness was going to make such an answer. No motion was made by counsel for defendant to have the answer stricken nor did he request the court to instruct the jury to disregard the statement. Instead, he moved to withdraw a juror and to have the court declare a mis-trial. This motion was denied and the case proceeded. This ruling of the court is alleged to be erroneous, and numerous cases are cited where under different circumstances this court has at times reversed a judgment and remanded the cause where improper remarks and questions of an attorney have been asked a witness with the apparent purpose of informing the jury that an insurance company, rather than the party sued, would be liable for any damages assessed. We have examined these cases but find none where a mis-trial has ever been granted on account of an inadvertent or unresponsive answer of a witness to a legitimate inquiry. Generally, where prejudicial error has been declared it is found to have been due to some misconduct or improper remarks or questions of counsel, oft-times repeated, and calculated to influence or prejudice the jury. Thus, in a case cited by defendant, (*Bishop* v. *Chicago Junction Rail-*

*way Co.* 289 Ill. 63,) the improper conduct of counsel before the jury continued throughout the trial, and the judgment was reversed because the lower court "erred in not sustaining the objection of plaintiff in error thereto and in not instructing the jury to disregard the statement." There this court said: "While it is true that at times, in closely contested cases, counsel may inadvertently say that which is prejudicial, the influence of such a statement may generally be overcome by sustaining objections thereto and by retraction on the part of offending counsel made in good faith, yet where it would appear, as it does here by frequent instances, that counsel has in the presence of the jury indulged in acts and statements prejudicial to the rights of the opposite party and which tend to indicate that he was seeking what might be gained from such prejudice of the jury, such misconduct will amount to a mis-trial of the cause, unless it can be seen that it did not result in injury to the plaintiff in error." It was likewise the improper conduct and prejudicial questions and remarks of counsel which were criticised by this court in *McCarthy* v. *Spring Valley Coal Co.* 232 Ill. 473; the repeated inquiry of counsel into matters already ruled irrelevant by the trial court in *Eldorado Coal Co.* v. *Swan,* 227 Ill. 586; and the improper statement of the attorney in examining persons offered as jurors that the defendant was insured against liability, in *Mithen* v. *Jeffery,* 259 Ill. 372, and *Aetitus* v. *Spring Valley Coal Co.* 246 id. 32. These and the other cases cited by defendant on this point are therefore to be distinguished from the case before us, where no misconduct or improper remark is ascribed to plaintiff's attorney, and where the trial judge was evidently satisfied that the witness had simply volunteered his unresponsive remark concerning the insurance company without any obvious design or intent, either on the part of the witness or the attorney, to prejudice defendant. The action of the trial judge and his repeated urging of counsel to proceed indicate that

in his judgment the remark of the witness had done no particular harm. Under these circumstances the ruling of the trial court in denying the motion for a mis-trial was correct.

During the trial the court admitted in evidence, over defendant's objection, certain ordinances of the city of Chicago purporting to regulate the speed of "tractors and trailers" and for lighting them. This action is assigned as error by defendant, and in support of this contention three different reasons are advanced: First, that the ordinances by their terms do not apply to the type of vehicle which was being operated by defendant; second, that because one of the ordinances purported to establish a speed regulation of eight miles an hour, concerning which the declaration was silent, its admission in evidence tended to confuse the jury, since the fourth count of the declaration predicated negligence on another and different ordinance which was not introduced in evidence; and third, that the statute then had established the right to operate trucks, or tractors and trailers, up to sixty-five feet in length at various rates of speed from twelve to twenty-five miles an hour, depending upon their weight. The first and second points above mentioned were not raised or argued by defendant in the Appellate Court. Where questions were not properly before the Appellate Court for consideration it has been uniformly held by this court that such questions cannot be considered on appeal from or writ of error to the Appellate Court. (*Alton Banking and Trust Co.* v. *Gray,* 347 Ill. 99, and cases therein cited.) In connection with the third point, it is argued by plaintiff that defendant has waived its right to complain of the introduction of the ordinances by stipulating in the record that they might be introduced. The stipulation recites in part: "and that true copies of the said ordinances may be introduced in lieu of the originals * * * without any admission on the part of the defendant as to the materiality, competency or

relevancy of the said ordinances—merely that such ordinances now exist." When the ordinances were offered in evidence they were thus objected to on the ground that they were immaterial, incompetent and irrelevant. In conformity with the stipulation plaintiff prepared copies of the ordinances and they were introduced in lieu of the originals, subject only to the restrictions of the stipulation that no admission was made by defendant of their materiality, competency or relevancy. At the time of the admission of these copies defendant further objected on the ground that the ordinances were "in conflict with the statutes of the State of Illinois." No leave was granted by the court for the withdrawal of the stipulation that copies of the ordinances might be introduced and no motion was made by defendant for that purpose. The record fails to disclose, as defendant contends, that the ordinances were taken by the jury to the jury room. The attorney for plaintiff insists that they were not so taken, and in the absence of any showing in the record that they were, we must assume that they were not taken to the jury room. Since defendant did not move for leave to withdraw the stipulation it cannot now be heard to say that there was error in the admission of any of the ordinances. (*Ward & Co.* v. *Industrial Com.* 304 Ill. 576; *People* v. *Knecht,* 294 id. 485.) The action of the trial court in permitting the introduction of ordinances or their copies was not reversible error. Since the grounds of objection were specified by the stipulation in the record and not withdrawn, all other grounds of objection were waived. (*Foreman-State Trust and Savings Bank* v. *Demeter, supra.*) Where an ordinance is objected to upon the specified ground that it is immaterial, incompetent and irrelevant, no question of its validity is to be raised. *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Lyons,* 159 Ill. 576.

Complaint is also made by defendant because the trial court gave plaintiff's instruction No. 2. On leave granted,

the brief and argument filed by defendant in the Appellate Court was filed in this court for the purpose of determining what points were presented in the Appellate Court. Upon its examination we find that the objections made to this instruction only occupied nine printed lines of the brief and argument and were based upon altogether different reasons than those now argued before us. Although errors may have been assigned upon instructions in the Appellate Court, points thereunder which are not argued or brought to the attention of the Appellate Court will be held to have been waived and abandoned and cannot be raised in this court for the first time. *Johnson* v. *Pendergast,* 308 Ill. 255; *White Walnut Coal Co.* v. *Crescent Coal and Mining Co.* 254 id. 368; *Dunn* v. *Crichfield,* 214 id. 292.

What we have said with reference to instruction No. 2 also applies to plaintiff's instruction No. 14, the giving of which is also assigned as error. There, again, our examination of defendant's Appellate Court brief shows that the objections made to this instruction before us were not made or argued before the Appellate Court and were thereby waived. No assignment of error was made by defendant in this court regarding the refusal of the trial court to give one of its requested instructions, and the record shows that while an error was assigned on the same ground in the Appellate Court it was there abandoned by not arguing it. The error assigned was therefore not entitled to any consideration in the Appellate Court because it was not there argued, and for reasons above given it will receive no consideration here.

From an examination of the questions of law presented by the record in this case we find no errors of the trial court which would justify a reversal. The judgment of the Appellate Court affirming the judgment of the superior court of Cook county is therefore affirmed.

*Judgment affirmed.*