**GAREE et al. v. McDONELL et al.**
**No. 7369.**

Circuit Court of Appeals, Seventh Circuit.
Dec. 13, 1940.

Chas. F. Short, Jr., of Bloomington, Ill., for appellants.

Howard L. Doyle and Marks Alexander, both of Springfield, Ill., for appellees.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from judgments for plaintiffs in their suits to recover damages for injuries sustained in an automobile accident alleged to have resulted from the negligence of appellant, Ed. McDonell. The latter filed a counterclaim for damages to his own car alleged to have been caused by the negligence of appellee, Costa Garee, the driver of the car in which appellees were traveling when the accident occurred. Mc-Donell's wife and sister-in-law, who were passengers in his car at that time, obtained leave to intervene and file counterclaims for damages for their injuries also alleged to have arisen out of the negligence of Garee.

The sole question presented by this appeal is as to whether the court should have declared a mistrial because of the alleged improper admission of evidence concerning McDonell's insurance.

The accident in question occurred a few miles west of Sabetha, Kansas, about 5:30 in the evening, August 11, 1937. Both cars were traveling in the same direction on a fine gravel road, U. S. Highway 36. Appellant's car had been following appellee's, and the two collided when the former attempted to pass the latter. Both cars skidded over into an adjoining field and overturned. Both were badly damaged, and both appellees and the two women in the McDonell car were injured. There is considerable controversy as to the facts surrounding the collision. McDonell testified that he did not know just what had happened, whether he had struck appellee's car or appellee's struck his, nor the speed of either car. There was ample evidence from other witnesses, however, to indicate that the accident was caused by McDonell's negligence, and to support the verdict of the jury for the plaintiffs. On trial appellant disputed the extent and permanence of Mrs. Garee's injuries, but no issue is raised

as to that question on this appeal, which, to repeat, challenges only the correctness of the ruling of the trial court on the issue of the admissibility of evidence as to insurance.

This question as to McDonell's insurance was raised at the very outset of the trial by colloquy outside the hearing of the jury. Appellees had served a subpœna duces tecum upon the custodian of a certain telegram said to have been sent by McDonell to his insurance company the morning after the accident, in which he admitted liability for it. The court ruled that the telegram might be admitted in evidence without disclosing to whom it had been sent, in order to avoid letting the jury know that appellant was covered by insurance. He cautioned both sides to avoid any reference to the insurance company. Counsel for appellants then said: "We cannot in our defense at this time keep from referring to it, it will be brought out and we cannot." In reply, the court stated that he would have to rule as the occasion arose, whereupon the trial proceeded.

The first witness called by appellees was McDonell who was asked questions tending to show how the accident occurred and his admissions of liability at that time. In reply to a question as to whether anyone helped him prepare the telegram, he stated that he and the others present talked about it, and he said he wanted to send it to the insurance company so they would give them some help. This was the first mention of the matter of insurance in the presence of the jury, and his own counsel made no objection to it. He made two more references to the insurance company, and one to "the company" during the course of his examination by counsel for appellees. Counsel for appellants finally interposed an objection to a question as to a conversation at appellants' home in November, 1937, directed to its materiality. He also objected to a question as to whose idea it was that McDonell was to make a claim against Garee, which was sustained by the court after argument outside the hearing of the jury. He then called the court's attention to the fact that notwithstanding the understanding with all of them, counsel were constantly asking questions to bring out the thing they agreed not to bring out, whereupon the court replied that that was true, and that it was out in the open, and there was no way the court could avoid it. Thereafter there were numerous references to the insurance company by both parties and their counsel. Appellee Garee, for instance, made reference to McDonell's insurance or the company no less than nine times during the course of his testimony in chief, to the sixth of which references counsel for appellants for the first time objected, on the ground that it was not responsive to the question asked, which objection was sustained. Following a recess, before Garee resumed the witness stand, and out of hearing of the jury, the court stated: "This is shown out of the presence of the Jury and at the suggestion of Counsel for the Plaintiff, the Court asks the Witness to avoid any reference to the question of insurance in his answers. You watch that, Mr. Garee, and don't refer to the Insurance Companies." Following this admonition, and in cross-examination, counsel for appellants himself twice questioned him specifically about an insurance company.

█ With this state of the record we have no hesitation in holding that there was no error in the ruling of the District Court in refusing to withdraw a juror and declare a mistrial. While the violations of the appellee, Garee, on his examination were flagrant, and would under other circumstances undoubtedly require reversal of a judgment in his favor, here, following the introduction of the subject by the defendant himself, and being made without any objection from defendant's counsel, we cannot penalize appellees for them. The court had ruled before the examination of witnesses even started that the matter sought to be introduced could be brought in without showing that there was any insurance involved, and had carefully admonished the parties and counsel on the subject. That it was thereafter introduced was much more the fault of defendant and his counsel than appellees. The court also in its instructions to the jury sought to minimize the effect of the damaging testimony by telling them that there was no question of insurance in this case, and they should not be concerned about that question.

█ The rule as to the inadmissibility of evidence tending to inform a jury of liability insurance is not an inflexible one. While such evidence is ordinarily not admissible, it may be used to prove some material issue properly in the case, and the fact that it is not admissible to prove another matter does not render it incompetent. See Couch, Cyclopedia of Insurance Law, Vol. 8, section 2254; Annotations, 105 A. L.R. 1319, and 56 A.L.R. 1418. Hence the

telegram here sought to be introduced was clearly admissible to prove McDonell's admission of liability. That it could have been introduced without showing that insurance was involved does not change the situation in view of appellant's part in opening up the subject. Another exception to the general rule arises when the information is innocently volunteered by a witness. As stated by the Illinois Supreme Court in Williams v. Consumers Co., 352 Ill. 51, 185 N.E. 217, 219, "We have examined these cases [reversing judgments for improper questions of counsel likely to elicit answers showing insurance coverage], but find none where a mistrial has ever been granted on account of an inadvertent or unresponsive answer of a witness to a legitimate inquiry. Generally, where prejudicial error has been declared, it is found to have been due to some misconduct or improper remarks or questions of counsel, ofttimes repeated, and calculated to influence or prejudice the jury." See also Hazeltine v. Johnson, 9 Cir., 92 F.2d 866.

Judgment affirmed.