**DE WAAY v. DOMINICK et al.**
No. 212, Docket 21272.

United States Court of Appeals
Second Circuit.

April 25, 1949.

Brower, Brill & Gangel, of New York City Benj. J. Jacobson, of Long Island City,

---

[1] D.C., 78 F.Supp. 569.

N. Y., and Coleman Gangel and Joseph E. Brill, both of New York City, of counsel), for appellant.

McCormick, McCormick & Dunne, of New York City (Robert M. McCormick and Robert M. McCormick, Jr., both of New York City, of counsel), for appellees.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The appeal is from a judgment for the defendants on the verdict of a jury in a suit to recover a balance claimed due on account.

The contested issue at the trial was whether the appellees were entitled to credit for $40,000 in United States bank notes which the appellant had instructed them to send from New York to him in Brussels, Belgium by clipper air mail, registered, but uninsured. They mailed the appellant a package pursuant to his instructions but it did not contain the bank notes when received by him.

By appropriate pleading, the appellees put in issue the payment of this $40,000 to the appellant and, alternatively, his performance of an undertaking to insure it for the mutual benefit of the parties and his obligation to collect the insurance for their account if the money was lost in transit.

In his opening statement, counsel for the appellees advised the jury of their contention as to insurance. A motion for a mistrial by appellant was then made and denied. It was renewed during the trial when evidence in support of the appellee's claim as to insurance was introduced. Finally, the judge withdrew the issue of insurance from the jury with instructions to disregard it entirely. The only question of fact which he submitted was whether the money had actually been mailed to the appellant pursuant to his instructions.

It is not entirely clear why the submission was so limited, though it may have been because the evidence left no question of fact regarding coverage for the benefit of the appellees provided the money was mailed. At least it is plain that the issue

as to insurance was not frivolous but was pleaded and pressed in good faith. Moreover, because of the insurance there may have been a question under Federal Rules of Civil Procedure, rule 17(a), 28 U.S.C.A., as to whether the plaintiff was the real party in interest.

Under these circumstances, whether insurance was held by the appellant for the benefit of the appellees was a material issue in the case. And evidence relevant to that subject was admissible until the issue was withdrawn from the jury by the court. Thereafter there was no reference to insurance in the presence of the jury. A material issue is as provable when it relates to insurance as when it does not. Compare, Garee v. McDonell, 7 Cir., 116 F.2d 78, certiorari denied, 313 U.S. 561, 61 S.Ct. 837, 85 L.Ed. 1521; Paxson v. Davis, 65 F. 2d 492, certiorari denied, 290 U.S. 643, 54 S.Ct. 61, 78 L.Ed. 558. Cases like Brown v. Walter, 2 Cir., 62 F.2d 798, which dealt with situations where insurance had no materiality, are not in point.

Judgment affirmed.